McKinney, J.,
delivered the opinion of the court.
This is a presentment against the Mayor and Aldermen of the town of Murfreesboro’ for failing to keep one of the public streets, within the corporate limits of the town, in repair.
*219 The presentment does not directly aver, that the Mayor and Aldermen of said town are an incorporated body; neither does it state the names of the individuals composing the corporation ; and it concludes as at common law.
The presentment was quashed in the court below; and the question is — did the court err in doing so, for either of the foregoing reasons ?
We think the presentment is sufficient.
1. In the case of the State vs. Barksdale (5. Hum. 154) it was held, that the corporation of a town is bound to keep the streets in repair, and for neglect in doing so, may be indicted and fined; but that the persons composing such corporation are not individually responsible for such neglect.
The corporation is responsible in its corporate capacity. The inhabitants of a parish, in England, may be indicted for not repairing a highway ; or the inhabitants of a county for not repairing a bridge, without naming any of them. 2 Roll. Abr. 79, Archbold Cr. 25. So a corporation aggregate may be indicted by its corporate name. 3 Ad. 8 El. 223, 3 Chitty’s Cr. L. 586-587.
2. The indictment or presentment need not, in terms, aver that the Mayor and Aldermen are an incorporated body. The charter of incorporation is a public law, which the courts will judicially notice ; and, therefore, it need not either be averred in pleading, or given in evidence on the trial, to establish the existence of the corporation.
3. The liability of the corporation to keep the streets in repair, is not created by the charter of incorporation, but exists upon general principles of the common law; and, therefore, the conclusion of the indictment, as at common law, is proper-.
The judgment will be reversed.